UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES E. FERGUSON,

        Plaintiff,

  v.

STATE OF WISCONSIN, BRUCE LANDGRAFF,
GARY BYIAS, JUDGE RALPH GORENSTEIN,
STATE OF GEORGIA, PAUL HOWARD and
ATLANTA POLICE DEPARTMENT,

        Defendants.

Case No. 22-cv-316-pp

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DISMISSING CASE FOR FAILURE TO STATE CLAIM AND DENYING AS MOOT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 6)**

---

Last year, the plaintiff filed a complaint against the States of Wisconsin and Georgia, Judge Ralph Gorenstein, the Atlanta Police Department, prosecutors in both states and a police officer. Dkt. No. 1. The plaintiff has filed eighteen cases in this district since 1990.[1] This court had dismissed a prior

---

[1] Ferguson v. McCaughtry, Case No. 90-cv-349; Ferguson v. McCaughtry, Case No. 91-cv-863; Ferguson v. Siedschlag, Case No. 91-cv-885; Ferguson v. Maraski, Case No. 91-cv-1230; Ferguson v. McCaughtry, Case No. 91-cv-1359; Ferguson v. Seitta, Case No. 92-cv-366; Ferguson v. Dier-Ziemmel, Case No. 92-cv-920; Ferguson v. Coxs, Case No. 93-cv-227; Ferguson v. Edlein, Case No. 12-cv-661; Ferguson v. Office Deport Management, Case No. 15-cv-31; Ferguson v. Milwaukee County Court, Case No. 15-cv-1544; Ferguson v. State of Wisconsin, Case No. 16-cv-933; Ferguson v. City of Milwaukee, Case No. 17-cv-74; Ferguson v. United States HSS, Case No. 18-cv-1213; Ferguson v. State of Georgia, Case No. 18-cv-1238; Ferguson v. Milwaukee County Probate Court, Case No. 22-cv- 241; Ferguson v. State of Wisconsin, Case No. 22-cv-758.

1

case the plaintiff had filed against the State of Georgia because the plaintiff had filed the claims too late and in the wrong district. Ferguson v. State of Georgia, Case No. 18-cv-1238 (E.D. Wis.). In the instant case, the plaintiff refers to an arrest in Wisconsin in 1985, arrests in Georgia sometime between 2001 and 2009 and an extradition request by the State of Georgia in 2014. Dkt. No. 1. The plaintiff filed an insufficient motion for leave to proceed without prepaying the filing fee, which the court will deny. Dkt. No. 2. The court will dismiss this case for failure to state a claim and will deny as moot the plaintiff's motion for judgment on the pleadings. Dkt. No. 6.

I.  **Plaintiff's Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

The court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff filed a "Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee." As the title indicates, this form is intended for use by incarcerated persons. The plaintiff listed his "place of incarceration" as 2525 N. 308th Street in Milwaukee, Wisconsin. Dkt. No. 2 at 1. The clerk's office docketed a cover letter with the plaintiff's complaint; in both filings, the plaintiff listed his address as 2525 N. 38th St., Milw., WI 53210. Dkt. Nos. 1, 1-2. Either address appears to be a private residence. The Wisconsin Department of Corrections' Inmate Locator does not list the plaintiff as currently incarcerated or on supervision. See https://appsdoc.wi.gov/

2

lop/details/detail. The most recent criminal charges against the plaintiff were filed on October 17, 2019; on May 19, 2022—about two months *after* the plaintiff filed the complaint in this case—he pled guilty and was sentenced to time served. See Wisconsin v. Charles E. Ferguson, Milwaukee County Case No. 2019CF4628, available at https://wcca.wicourts.gov.

Nevertheless, on the prisoner form, the plaintiff claims that he does not receive any payment from "the institution" and does not own a home; perhaps because he used the wrong form, he does not indicate that he pays rent. Dkt. No. 2 at 1-2. He states that he is not responsible for supporting any dependents. Id. at 2. The plaintiff owns a 1997 truck valued at $1,600, but has no cash on hand or in a checking or savings account. He checked the "No" box indicating that he has no other property of value, but under "If 'Yes,' describe the property and the approximate value(s)," he lists "1. Property is willed Case 507-785 Caldon Ferguson Estate & 2. Propert [sic] held in Georgia." Id. at 3. Under "Litigation History," he indicates that he is a "multi Pleader in this court." Id. In the section titled "Other Circumstances," which asks the plaintiff to "[d]escribe any other financial circumstance(s) that you would like the Court to consider when reviewing this petition," the plaintiff wrote "INVESTIGATE FOR OTHER CRIMINAL ACTIVITY." Id. at 4.

At best, the court does not have enough information to grant the plaintiff's motion to proceed without prepaying the filing fee. If the plaintiff is incarcerated, he must file a prison trust account statement covering the six months prior to the date he filed the complaint. If he is not incarcerated, he

3

must use the proper form to indicate whether he has additional sources of income, list the property in Georgia and its value and identify any living expenses, including what he pays in rent and for basic living expenses. The court will deny the plaintiff's motion to proceed without prepaying the filing fee.

The court advises the plaintiff that each and every time he files a case in this district, he incurs a filing fee regardless of whether the court grants him leave to proceed without prepaying the fees. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original).

## II. Screening

Regardless of whether the plaintiff had the ability to pay the filing fee, the court must dismiss this case. The court must review a complaint filed by a litigant who is representing himself to determine whether his claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claim; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355

4

U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

The complaint begins thirty-eight years ago, with the plaintiff's arrest in 1985. Dkt. No. 1 at 2. The plaintiff alleges that the victim in this old criminal case was actually the aggressor, who attacked him with his coat and followed up with "serval [sic] karate kicks into his goins [sic]." Id. According to the plaintiff, the alleged victim/assailant sought a TRO because she felt she was being stalked by the plaintiff, and Police Officer Gary Byias arrested the plaintiff. Id. The plaintiff says that Judge Gorenstein dismissed his case in 1985 but continued bail, which allowed Assistant District Attorney Bruce Landgraf to reissue a complaint. Id. The plaintiff alleges that Judge "Mainon" sentenced him to ten years and that he was released on March 12, 1995. Id. at 3.

The next few paragraphs are confusing. The plaintiff alleges that Wisconsin notified Georgia in 2001 that the plaintiff had been convicted of sexual assault. Id. at 3. He claims that he was arrested numerous times

> . . . and finally of August 29th., 2009 Georgia Superior Court Sentanced Complaintiff to time served, and that his name be expounged off List of Sexual assault registar in Georgia.. However, sometime later if 19 2014 Georgia reissued Sexual registar sanction sending an extradition to Wisconsi for the return of Plaintiff, for failure to registar in georgia, whi is DOUBLE JEOPARDY.. WISCONSIN took the warrant from Georgia and it issued warrants, over the fact that wisconsin had Granted full Civil rights restored at Wisc Stats s. 304.075, after serving 10 yea whereby Upon every arrest in Georgia Plaintiff property are being withheld, in particular antec Firearms, by police Department of Atl. STATE OF WISCONSIN STATES THAT PLAINTIFF SENTENCE TO EXTENDED SUPERVISION WILL BE IN EFFECT FOR THE REST OF HIS LIFE,

5

> WHEN senta JUDGMENT DO NOT SUPPORT THAT any strings are attached to conviction t extend supervision fo any linth of time…..

Id. at 3 (misspellings in original). The plaintiff explains that he wants two cases dismissed (one which he alleges is based on a "misnomer" complainant), that extended supervision "be adjudged unconstitution," that he wants compensation for false imprisonment and that he seeks the return of property in Georgia and Wisconsin. Id. at 4. The plaintiff attached a judgment in Milwaukee County Court Case No. L-2918, dated July 2, 1986, sentencing the plaintiff to ten years with 470 days sentence credit. Dkt. No. 1-1.

To the extent that the plaintiff asks this court to dismiss his cases, a federal district court does not have original jurisdiction to overturn any decisions in state court or dismiss the state cases.[2] The plaintiff must file a notice of appeal in the Wisconsin courts and exhaust his available state remedies. Once he exhausts his state remedies, he may file a federal *habeas* petition under 28 U.S.C. §2254. A petition for writ of *habeas corpus*, however, must be filed within one year of the conviction becoming final. 28 U.S.C. §2254(d)(1)(A). If the plaintiff has filed a previous petition in the federal court, he must seek leave from the Seventh Circuit to file a second or successive petition. 28 U.S.C.A. §2244(b)(3) and (4).

---

[2] When the plaintiff asks the court to dismiss L-2918, the court assumes that he is referencing State of Wisconsin v. Ferguson, Milwaukee County Case No. 1985CF2918, available at https://wcca.wicourts.gov. The plaintiff also references L-1459 but doesn't indicate whether that case was a Wisconsin or Georgia case, when it was decided and/or whether it was a civil or criminal case.

6

Next, the plaintiff has sued the State of Wisconsin and the State of Georgia. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Supreme Court has determined that a State is not a "person" as that word is used in §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

The plaintiff also attempts to sue a judge. He names Judge Gorenstein in the caption but also references Circuit Court Judge Victor Mainan (likely "Manian") in the complaint. Dkt. No. 1 at 1, 3. The plaintiff has not alleged that either judge did anything more than impose a sentence or sign a judgment of conviction. Id. Under the doctrine of judicial immunity, state judges are entitled to absolute immunity from damages for judicial acts regarding matters within the court's jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'"). Based on the allegations in the complaint, the judges are cloaked in absolute immunity.

The plaintiff names the Atlanta Police Department and the District Attorney of Fulton County in Georgia. In Case No. 18-cv-1238, this court explained to the plaintiff that he cannot pursue in this district his claims surrounding his arrest in Georgia. Ferguson v. State of Georgia, Case No. 18-cv-1238, Dkt. No. 9 at 5 (citing 28 U.S.C. §1391). Moreover, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution,

7

Case 2:22-cv-00316-PP   Filed 05/15/23   Page 7 of 11   Document 7

including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and a police department is not a legal entity subject to suit, Will, 491 U.S. at 71; see also Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding the Atlanta Police Department is not a proper defendant).

Finally, the plaintiff sues Officer Byias, who arrested him in 1985, and Assistant District Attorney Bruce Landgraf, who prosecuted him in 1985-1986. The plaintiff alleges nothing more than an arrest "wit an arrEst Warrant or Judicial authorith" [sic] and a prosecution on "SEXUAL ASSULT CHARGES CONTRARY TO CIVIL PETITION REQUEST OF Complain" [sic]. Dkt. No. 1 at 2. The plaintiff may have disagreed with the basis for his arrest and prosecution, but he hasn't stated a violation of his constitutional rights. Even if he had pled a constitutional violation, the events occurred thirty-seven years ago. For "§ 1983 claims, a cause of action accrues when the plaintiff knew or should have known that [he] had sustained an injury." Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 688 (7th Cir. 2004). The relevant Wisconsin statute of limitations for claims that accrued in 1986 is six years. See D'Aquisto v. Love, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years). The plaintiff filed this complaint thirty-seven or thirty-eight years after his arrest and prosecution.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3d. 768, 783 (7th Cir. 2015)). Given the deficiencies the court has identified, the court cannot conclude that the plaintiff could remedy those deficiencies by amending the complaint.

### III. Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 6)

Seven months after he filed the complaint, the plaintiff filed a motion for judgment on the pleadings in Case Nos. 16-cv-933, 17-cv-74, 22-cv-241, 22-cv-316 (this case), 22-cv-758 and 18-cv-123. Dkt. No. 6. The caption of the document names the undersigned (Pamela Pepper), Lynn Sean Adelman, the City of Milwaukee, Ann Hodges, Milwaukee County Probate Court, Mary Panzer Law Firm and "MU-SLA." Id. at 1. While the heading bears the words "JUDGEMENT On the PLEADING(S) FRCP 65," the title of the document is "CONTENTS OF ALLEGATIONS OF FRAUD(S)." Id. On page 3 of the document, the plaintiff demands damages "AGAINST INITIES CITED" of $50 billion dollars "FROM EACH MU- STATE THAT FORMS THE MULTI-STATE LOTERIES [sic] Times 52 States in the Unites [sic] and a 66/2/3,s % Per Captia Rato [sic] annually RESTRORATION OF ALL SEIZED PROPERTY BELONG TO FERGUSON, as listed above 5 MILLION BILLION DOLLARS FROM MU-SLA."

9

Id. at 3. The plaintiff also asks for a temporary restraining order prohibiting the city of Milwaukee from "conducting any more illegal Business toward any listed properties." Id.

The body of the document refers to the complaint the plaintiff filed in Ferguson v. Milwaukee County Probate Court, Case No. 22-cv-241 (E.D. Wis.),[3] in which he says he made allegations against various entities and persons regarding the death of the plaintiff's mother's son, Nolan Ferguson, whom the plaintiff descries as "KINGPIN LOTTERY OWNER." Id. at 1. The plaintiff lists his first claim as "DECIDING CASE 22-cv-241 pp as a PRISONERS PETITION FOR Habeas Corpus." Id. Among other things, the plaintiff asserts that Lynn Sean Adelman and Bill Adelman caused the murder of Nolan Ferguson in Arkansas. Id. The plaintiff lists his second claim as "LYNN SEAN ADELMAN CITY SPECIAL ATTY WAS A CITY OF MILWAUKEE ATTY, & COULD NOT REPRESENTI NOLAN FERGUSON JR., CALDON FERGUSON, & CHARLE." Id. at 2. This claim alleges that "Adelman" caused the plaintiff's birth certificate in Arkansas to be fraudulently altered. Id. The third claim is listed as "THE WISCONSIN FEDERAL COURT HAVE BEEN SUCCESSFUL IN COVERING UP ADELMAN CRIMINAL ACTS." Id. The plaintiff alleges that "Pepper is just as GUILTY AS ADELMAN WHERE BOTH BELONG TO THE SAME LIONs CLUB, not Limited to MARY PANZER LAW FIMRS, THAT FILES CASE . . . ." Id. The

---

[3] This court dismissed Case No. 22-cv-241 on April 22, 2022 for failure to state a claim upon which a federal court could grant relief. Case No. 22-cv-241 at Dkt. No. 5. The plaintiff filed the motion in this case six months later.

remainder of the document describes various other facts and allegations regarding alleged deprivation of real estate, wrongful death, false imprisonment and conflict of interest. Id. at 2-3.

This motion has nothing to do with the allegations in *this* case. It does not reference the defendants named in this case or the facts alleged in this case. Arguably it has something to do with the facts alleged in Case No. 22-cv-241, but that case was dismissed six months before the plaintiff filed this motion. The motion does not cite the standard for a motion for judgment on the pleadings and the allegations in the motion are confusing and disjointed. If the motion were not moot due to the fact that the court is dismissing the case for failure to state a claim, the court would deny the motion on its merits.

**IV.    Conclusion**

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for judgment on the pleadings. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of May, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**